———o———

## No. 5789.

## JOHN J. McNAMARA, CURATOR vs. THOS. D. FLYNN, ET AL.

### Syllabus.

The doctrine in *Nolan vs. Labatut*, 117 *La.*, 447, is followed and applied in a case presenting similar circumstances.

Appeal from the Civil District Court for the Parish of Orleans; Division "A," No. 100,211. Hon. T. C. W. Ellis, Judge.

M. D. Dimitry, for defendant and appellant.

Ed. P. Foley, for plaintiff and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court as follows:

This is a suit against an absconding notary and the surety on his official bond.

From a judgment against both **in solido** the surety appeals.

The facts are undisputed. Thos. D. Flynn was an attorney at law and also a notary public. On April 20th, 1906, in his capacity of attorney at law he collected for account of plaintiff the sum of $1,206.61, and after repeated demands upon him therefor (which he always met with excuse unfounded in fact) he finally, to-wit, in January, 1907, gave plaintiff $6.61 in cash and a fraudulent note for $1200, which purported to be signed by one P. L. Quinle (a wholly fictitious person), and which, he had falsely paraphed in his capacity of notary public for identification with a suppositious act of mortgage and vendor's lien having no existence in fact.

From the foregoing it is clear that Flynn had simply embezzled the money collected by him as attorney at law, and when pressed for a settlement covered his embezzlement (for the time being) by imposing upon plaintiff a false and fraudulent mortgage note which his capacity of notary public readily enabled him to confect.

This state of facts corresponds precisely with the circumstances in **Nolan vs. Labatut, 117 La., 447.** In that case Labatut had received moneys for account of Nolan, had embezzled them, and had covered his embezzlement

by confecting false mortgage notes to which he gave an appearance of genuinesess by the misuse of his official signature as notary. But the Supreme Court held that, as plaintiff had not **parted with her money** on the faith of any official act of the notary, the surety on his official bond was not liable.

We cannot distinguish between the two cases, and as we find nothing in any later case in conflict with the principle laid down in that case, we have but to follow it.

The judgment apealed from is therefore reversed as to appellant here, and it is now ordered that as to said appellant, Geo. W. Flynn, the demand of the plaintiff be rejected at his cost in both Courts.

Reversed.

Opinion and decree, April 21st, 1913.

Rehearing refused, May 19th, 1913.

Writ denied, July 1st, 1913.